# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-03-5434 |
| INNOVATIVE LOGISTICS SERVICES and VAN ROBERTSON, | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Union Pacific Railroad Company ("Union Pacific") filed this lawsuit against Defendants Innovative Logistics Services ("ILS") and Van Robertson ("Robertson").[1]  This is a commercial dispute.  Pending before the Court is Union Pacific's Motion for Partial Summary Judgment ("Motion") [Doc. # 36].  Defendants have filed a Response ("Response") [Doc. # 43], and Union Pacific has filed a Reply ("Reply") [Doc. # 44].  The Court has considered the parties' submissions, all matters of record, and the applicable legal standards.  Based on this review, the Court concludes Union Pacific's Motion should be **granted in part and denied in part**.

---

[1]  Robertson operated ILS as a sole proprietorship.  For purposes of this memorandum and order, the Court collectively refers to Robertson and ILS as "Defendants."

I.      **FACTUAL BACKGROUND**

Union Pacific operates a railroad line. Defendants operated as a freight-shipping broker that arranged the shipment of goods to and from their clients on Union Pacific's rail lines. Union Pacific presented Defendants with numerous freight bill charges in connection with freight shipments between August 2001 and May 2003. These bills total $92,017 and were allegedly incurred at Defendants' request. Union Pacific claims Defendants hired it to ship third parties' freight. These third parties were Defendants' customers. Defendants refused to pay these charges.

Consequently, Union Pacific sued Defendants for breach of contract, fraud, quantum meruit, and suit on sworn account. The parties have conducted discovery. The Motion has been fully briefed and is ripe for decision.

II.     **SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322-23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). An issue is material if its resolution could affect the outcome of the action. *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy – that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998). The movant meets this initial burden by showing that the "evidence in the

record would not permit the nonmovant to carry its burden of proof at trial." *Id.* If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)). A dispute over a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* (quoting *Brenoettsky*, 158 F.3d at 911); *see also Quorum Health Resources, L.L.C. v. Maverick County Hosp. District*, 308 F.3d 451, 458 (5th Cir. 2002).

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that unsworn pleadings do not constitute proper summary judgment evidence (quoting *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994))). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). Instead, the nonmoving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.* In the absence of any proof, the court will not assume that the nonmovant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III.   DISCUSSION

Union Pacific maintains Defendants owe a total of $92,017 for freight shipping services.  But Union Pacific only moves for summary judgment for a portion of these charges – $26,737.  Union Pacific asserts that Defendants admitted to owing $12,159 and that documents secured from uninterested third parties substantiate Defendants' liability for additional freight charges in the amount of $14,578.  Union Pacific champions alternative theories of recovery in the Motion: suit on sworn account, quantum meruit, breach of contract, and fraud.[2]  Motion, at 11.

### A.   $12,159 in Freight Charges

Union Pacific claims it withheld the release of Defendants' rail cars in early 2003 because of Defendants' delinquent account.  Motion, at 4.  Defendants tendered two separate checks totaling $12,159.  After the release of the rail cars, Defendants stopped payment on the checks.  Robertson admitted to stopping payment on the checks, claiming "an accounting error . . . [mistakenly led Robertson to believe] those two checks had been previously issued in sum total."[3]  Robertson also admitted to owing Union Pacific $12,159 for freight shipping services.[4]  As to the $12,159 in freight

---

[2]   Union Pacific does not move for summary judgment on its fraud cause of action with respect to the $14,578 in freight charges.  *See* Motion, at 9-10.

[3]   Deposition of Van Robertson ("Robertson Deposition"), Exhibit D to Motion, at 85-86.

[4]   *See id.*

charges, the Court concludes that summary judgment is appropriate on Union Pacific's sworn account and quantum meruit claims and inappropriate on Union Pacific's breach of contract and fraud claims.

Under Texas law, the elements of a suit on sworn account are (1) performance of services; (2) prices were charged in accordance with agreement or in absence of agreement, the prices are usual, customary and reasonable; and (3) the amount remains unpaid. *Valley Reg'l Med. Ctr. v. Wright,* 276 F. Supp. 2d 620, 625 (S.D. Tex. 2001) (citing *Hose Pro Connectors, Inc. v. Parker Hannifin Corp.,* 889 S.W.2d 555, 558 (Tex. App.—Houston [14 Dist.] 1994, no writ)), *aff'd*, 61 Fed. Appx. 121 (5th Cir. 2003). Union Pacific has furnished summary judgment evidence establishing each of these elements. There is no question Union Pacific performed services. As noted above, Robertson admitted to owing $12,159 to Union Pacific for freight shipping services. Union Pacific has also adduced summary judgment evidence showing the charges were usual, customary and reasonable,[5] and Defendants have not disputed the reasonableness of these charges. Finally, there is no question the $12,159 remains

---

[5] Affidavit of Brett Henson, Exhibit D to Plaintiff's Original Complaint, ¶ 7 ("The principal balance of $92,017, from Defendants['] open account is owed by Defendants to Plaintiff. The amount is just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed.").

unpaid. Robertson testified that he issued, but later mistakenly cancelled, checks totaling $12,159 and admitted Defendants still owe Union Pacific for these services.[6]

Defendants did not specifically respond to Union Pacific's sworn account cause of action. Instead, Defendants generally dispute liability for all $26,737 in freight charges. Response, at 2-3. Defendants contend that they are not liable for any of the freight charges, claiming they "did not hire plaintiff to conduct such services or that the invoices are duplicative or that the invoices have been paid or that the services were not performed."[7] Robertson's attempt to contradict his earlier deposition testimony admitting Defendants' liability to Union Pacific for $12,159 worth of freight charges is rejected. Robertson's affidavit that later renounces such liability has no explanation of the inconsistency. A party may not defeat a motion for summary judgment by using an affidavit that, without explanation, impeaches prior testimony. *See Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000) ("If a party who has been

---

[6] Robertson Deposition, at 85-86.

[7] Affidavit of Van Robertson ("Robertson Affidavit"), Exhibit A to Response, ¶ 4. Defendants also apparently seek credit for partial payment in the amount of $12,159 with respect to the two checks it tendered to Union Pacific but later cancelled. *See id.*, ¶ 3 ("Moreover, the two checks totaling $12,159 were written on May 14, 2003 and June 3, 2003, for plaintiff's invoices through those dates."); *see id.* ¶ 4 ("The May 14, 2003, and June 3, 2003, checks were for invoices through those dates, but plaintiff has not produced any matching invoices to show how they were any different from other invoices they are claiming are unpaid during the same period."). Defendants are not entitled to a credit for partial payment of $12,159 when it is undisputed that Robertson cancelled the checks before the funds were deducted from Defendants' account.

examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact."); *see also Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 483 n.2 (5th Cir. 2002). Defendants have failed to adduce any evidence in their Response to support their denial of Union Pacific's sworn account claim. Defendants thus have not raised a fact issue with respect to the $12,159 Robertson admitted owing Union Pacific.

Alternatively, Union Pacific is entitled to summary judgment for $12,159 on its quantum meruit claim. To recover under quantum meruit in Texas, Union Pacific must prove that: (1) valuable services were rendered to Defendants; (2) Defendants accepted, used, and enjoyed the services; (3) under circumstances that reasonably notified Defendants that Union Pacific, in performing such services, was expecting to be paid. *See Kona Tech. Corp. v. Southern Pac. Transp. Co.*, 225 F.3d 595, 606 (5th Cir. 2000) (citing *Bashara v. Baptist Memorial Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985)). Robertson admitted to owing $12,159 to Union Pacific for freight shipping services rendered to Defendants.[8] Accordingly, it is undisputed Defendants accepted freight shipping services valued at $12,159 with the understanding Union Pacific expected to be paid.

---

[8] Robertson Deposition, at 85-86.

As noted above, Union Pacific is entitled to partial summary judgment for $12,159 on its sworn account claim, or in the alternative, its quantum meruit claim. The Court therefore does not definitively rule on Union Pacific's breach of contract or fraud claims with respect to the $12,159 charge.[9]

### B. $14,578 in Freight Charges

The Court now turns to the remaining $14,578 in freight charges at issue in Union Pacific's Motion. Union Pacific claims Defendants' customers' accounting records establish liability for an additional $14,578 in freight charges.[10] These customers are Landstar Logistics ("Landstar") and Slade Shipping ("Slade"). Union Pacific presents Landstar's invoices to Defendants, Defendants' invoices to Slade, and attempts to match these invoices with Union Pacific's certified freight bills to Defendants.[11] Union Pacific thus moves for summary judgment on its sworn account,

---

[9] It appears that there are genuine issues of material fact that preclude summary judgment on Union Pacific's breach of contract and fraud claims with respect to the $12,159 charge. *See Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (reciting breach of contract elements under Texas law); *Armstrong v. American Home Shield Corp.*, 333 F.3d 566, 571 (5th Cir. 2003) (reciting fraud elements under Texas law). There is an issue of the terms of the parties' putative contract and the existence of material misrepresentations on which Union Pacific relied.

[10] *See* Accounts Payable Records of Slade Shipping, Inc. ("Slade Records"), Exhibit E to Motion; Accounts Receivable Records of Landstar Logistics ("Landstar Records"), Exhibit F to Motion.

[11] Defendants raise hearsay and authenticity objections to these accounting records. Response, at 1-2. Because the Court has based its ruling only on proper summary judgment evidence, Defendants' objections are moot.

quantum meruit, and breach of contract causes of action. The Court finds that genuine issues of material fact – namely whether Defendants, as opposed to Landstar and Slade, contracted for and received the benefit of the freight shipping in question – preclude summary judgment on the claims for sworn account, quantum meruit, and breach of contract.

Union Pacific argues that Defendants are liable for the freight charges as the party arranging the shipments. Reply, at 3. There is some evidence that Union Pacific rendered freight shipping services to Defendants' customers.[12] Union Pacific insists these records establish that Defendants "requested the movement of freight" for Landstar and Slade. Motion, at 11. Defendant controverts Union Pacific's contention. Robertson states he "did not hire plaintiff to conduct such services or that the invoices are duplicative or that the invoices have been paid or that the services were not performed."[13]

---

[12] The container numbers and bill of lading numbers on Landstar's invoices to Defendants match the container numbers and bill of lading numbers on Union Pacific's certified freight bills to Defendants. These freight charges total $3,874. Further, copies of Defendants' checks, payable to Landstar, contain references matching these container numbers. *See* Motion, at 5-6, 9; *see also* Landstar Records. The container numbers and bill of lading numbers on Defendants' invoices to Slade match the equipment identification number on Union Pacific's certified freight bills to Defendants. These freight charges total $10,704. *See* Motion, at 5, 7-9; *see also* Slade Records.

[13] *See* Robertson Affidavit, ¶ 4.

Union Pacific must show it rendered services to **Defendants**, not merely to customers of Defendants, to prevail on a sworn account or quantum meruit action against Defendants. *See Valley Reg'l Med. Ctr.,* 276 F. Supp. 2d at 625 (noting plaintiff must establish he rendered services to defendant as part of a sworn account claim); *Kona Tech.*, 225 F.3d at 606 (holding plaintiff must prove he provided services to defendant as part of a quantum meruit claim). Defendants contend Union Pacific rendered freight services to Landstar and Slade while Union Pacific maintains it provided these services to Defendants. The question of whether Defendants, instead of Landstar and Slade, received the benefit of the services precludes summary judgment on sworn account and quantum meruit for the $14,578 charge.

In a similar vein, there is a question of whether Union Pacific can establish the existence of a contract with Defendants, as opposed to implied or some other contracts with Defendants' customers. As part of its breach of contract action, Union Pacific must prove the existence of an enforceable contract **with Defendants**. *See Bridgmon,* 325 F.3d at 577 (emphasis added). Robertson denies entering a contract with Union Pacific and suggests Landstar and Slade contracted with Union Pacific for the freight shipping charges at issue.[14] When considering the evidence in the light most favorable to the nonmovants, here Defendants, the Court must assume Union Pacific contracted

---

14  *See* Robertson Affidavit, ¶¶ 3-4.

with Landstar and Slade for the freight services. Consequently, there is a genuine question of fact about the identity of the contracting parties and summary judgment is inappropriate on Union Pacific's breach of contract claim with respect to the $14,578 freight charges.

**C.     Attorneys' Fees**

Union Pacific also moves to recover attorneys' fees incurred in preparing the Motion pursuant to sections 31.007 and 38.001 of the Texas Civil Practices and Remedies Code. Motion, at 11. Union Pacific incurred $4,275 in attorney fees in preparing the Motion.[15] Section 31.007 allows parties to recover litigation costs, not attorneys' fees. *See* TEX. CIV. PRAC. & REM. CODE § 31.007.[16] Section 38.001 permits the recovery of reasonable attorneys' fees for parties prevailing on a breach of contract or sworn account claim. *See* TEX. CIV. PRAC. & REM. CODE § 31.007(7)-(8). The merits of Union Pacific's right to attorneys' fees is not ripe. The Court has granted Union Pacific only partial relief on summary judgment. An award of attorneys' fees at this stage would require the Court to engage in the difficult exercise of determining what percentage of fees are attributable to the affirmative relief granted herein. Union Pacific may reurge its claim for attorneys' fees at trial.

---

[15]     *See* Affidavit of J. David Hubenak, Exhibit G to Motion, ¶¶ 3-7.

[16]     There is no evidence of any litigation costs here.

## IV.  CONCLUSION AND ORDER

Defendants admitted owing Union Pacific $12,159 for freight charges.  Union Pacific thus is entitled to partial summary judgment for $12,159 on its sworn account claim or, in the alternative, the quantum meruit claim for this sum.

Defendants have raised a genuine issue of material fact with respect to who contracted for and received the benefit of the $14,578 in remaining freight charges Union Pacific seeks in the Motion.  The Court accordingly denies summary judgment on Union Pacific's sworn account, quantum meruit, and breach of contract claims as to the $14,578 in freight charges.

The Court declines to reach the merits of Union Pacific's right to attorneys' fees at this time.  Union Pacific may reurge its claim for attorneys' fees at trial.  It is hereby

**ORDERED** that Union Pacific's Motion for Partial Summary Judgment [Doc. # 36] is **GRANTED IN PART AND DENIED IN PART.**

The parties are reminded that mediation is required in this case and must be completed prior to the November 18, 2005 docket call.

SIGNED at Houston, Texas, this **3rd** day of **November, 2005**.

_____
Nancy F. Atlas
United States District Judge